HUNT VS JOHNSON & LARIMER DRY GOODS CO.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 841).

1. *Agent and Principal—Agent's Authority.*

In a case where the defendant pleaded a compromise with a certain persons as the agent of plaintiff it rests with the defendant to prove that such person was an agent in the transaction.

2. *Same—Evidence.*

The evidence was held to be not sufficient to warrant the submission to the jury of the question as to whether plaintiff had an agent with authority to accept a compromise on the behalf of plaintiff.

Error to the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, May 15, 1905.

Action by the Johnson & Larimer Dry Goods Company against J. W. Hunt. From a judgment for plaintiff, defendant brings error. Affirmed.

This was an action brought by the defendant in error against the plaintiff in error, J. W. Hunt, upon an account for goods, wares; and merchandise sold and delivered to Hunt, amounting to the sum of $485.42. The defendant below, Hunt, answered denying the indebtedness, and averring that: "On the 12th day of February, 1904, the plaintiff in this cause, together with other creditors of defendant, entered into an agreement with him under the terms of which they were to accept 40 per cent. of the amount which they allege the defendant owed them in settlement of the account against him. That at the time of said settlement the plaintiff had made an assignment which was made with the full knowledge and consent of the plaintiff herein, and at their special instance and request the said goods were turned over to a trustee or assignee designated by the plaintiff, together with other creditors therein. That after said goods had been placed in the hands of said trustee or assignee the plaintiffs constituted one Pardee their agent to make a full and complete settlement of all the matters relative to a settlement of said business. That at the time of said settlement the defendant was the owner of a stock of merchandise which was in itself worth not to exceed 40 per cent. of all the debts at that time owed by the defendant, and that the plaintiff, together with the other creditors, agreed that in consideration of a full release said stock of goods and of the assets of the defendant herein they would accept said goods, or in lieu thereof 40 per cent. of the indebtedness owed. That defendant has made tender of said amount to the plaintiff's duly authorized agent and is now ready at this time and willing to pay to the plaintiff 40 per cent. of the amount of said claim, $194.16." To this answer the plaintiff replied, denying the compromise settlement. But two witnesses were introduced at the trial,

and at the conclusion of the testimony the court, on motion, instructed the jury peremptorily to find a verdict for plaintiff for the full amount sued for.

*Gilbert & Bond,* for plaintiff in error.

*Chas. M. Fechheimer,* for defendant in error.

CLAYTON, J. (after stating the facts as above).    There were six specifications of error set up in the assignment, but only one is relied on by plaintiff in error, to wit, that the court erred in directing a verdict for plaintiff.  It seems from the pleadings and proof that the defendant, a merchant, becoming financially embarrassed and insolvent, executed for the benefit of his creditors to a trustee a deed of trust.  The deed was not offered in evidence, nor were its provisions and conditions proven.   It is claimed by the defendant that, after the execution of this deed of trust, he had a compromise agreement or settlement with his creditors, including the plaintiff, by which he agreed to pay, and they to receive, in full satisfaction of their respective claims, the amount of 40 cents on the dollar, and that that amount had been tendered to plaintiff, and by it refused.   The only question raised in this case for our consideration is:   Was there or not sufficient proof of that contention presented to the jury to justify the court in submitting it to them?   This depends entirely on the question as to whether or not one Pardee, who was present representing another creditor, was authorized to make the settlement for plaintiff and did make it.

The burden of proof was on the defendant to show the authority of Pardee to make the settlement for plaintiff.  He first put O. P. Taylor, the president of plaintiff company, on the stand, who testified most emphatically that he was present at the time when the deed of trust was executed, and that Pardee never was authorized, or had the power conferred upon him, to agree to any settlement for his company, and that in fact no such settlement was ever had.   The defendant himself

then took the stand and at first testified, in substance, that, after the deed of trust had been executed, Mr. Taylor suggested to him that he make some kind of a settlement; that it would save expense, etc.; that he told Taylor that it was impossible for him to do so; that he could only turn over what he had, etc.; that Taylor then said to him: "Now I am going away. I have got to go back. We are going to leave Mr. Pardee in charge of this business to invoice it. He will represent us, and if you can make him any kind of a proposition, why make it, and if it is so we can we will accept it." If this was what was really said, of course, no agency for the purpose of making a settlement was established, because by the very terms of the language the· final acceptance of the proposition was to be left to the plaintiff, which was not done. The defendant then proceeded to testify as to the settlement and its terms, and stated that Mr. Pardee accepted the proposition for plaintiff. At this point an objection was interposed by plaintiff, and the court was asked to rule out that part of the testimony as to the acceptance of the proposition by Pardee for plaintiff, on the ground that the defendant, by his own testimony, had shown that Pardee had no authority to accept for plaintiff. The court, for some reason not apparent from the record, allowed the witness to proceed, and then, after stating the terms of the proposition, the defendant's counsel, apprehending, no doubt, that as the case stood on defendant's testimony his case was hopeless, complacently suggested to the witness that he be "a little more explicit in reference to the conversation had with Mr. Taylor in reference to Pardee's authority to act for Johnson-Larimer Company." And the witness, equal to the occasion, having, by the very nature of the objection, been apprised of what was necessary, changed his statement as to what Taylor said, to be: "Now, I am going away and leave Mr. Pardee in charge of affairs. Any trade you make with him will be satisfactory with us." And this was all the testimony produced in relation to the agency of

Pardee. In addition to this, the defendant, in his testimony, admits that after the compromise with his creditors was made he had an arrangement by which one of his creditors was to get 50 cents on the dollar, and wrote a letter to the plaintiff, which was in evidence, that he would give him, in excess of the 40 cents on the dollar offered by the compromise, the sum of $50. Pardee, who certainly knew all of the facts, was not produced as a witness, nor was there any reason offered why he had not been subpoenaed. The testimony showed that he was employed by a rival company to the plaintiff.

When it is considered that the burden was on the defendant to prove the agency of Pardee, and that Mr. Taylor, the plaintiff company's president, a man as familiar with the facts as the defendant, and unimpeached, had flatly testified that no such agency existed, and that the only other witness, the defendant, also at first testified to a state of facts which, if true, conclusively showed that there was no such agency, his vacillating course in changing his testimony to meet the exigency after he had been apprised of its necessity, his after conduct in giving preference to creditors whom he claimed were parties to the compromise, and the absence of witnesses who could have testified to the facts, it must be conceded that the defendant had not discharged the burden resting upon him. And if the case had been sent to the jury, and a verdict returned for defendant, it is clearly our opinion that it would have been the duty of the court of its own motion to set it aside; and therefore the court did not err in peremptorily instructing the jury to find its verdict for the plaintiff.

Affirmed.

GILL, C. J., and TOWNSEND and LAWRENCE, JJ., concur.